UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20317-JAL

JOSE SUAREZ and JOSE CANTO,

Plaintiffs,

v.

THE BAYFRONT PARK MANAGEMENT TRUST, INC.,
JOE CAROLLO, and JAVIER BAÑOS,

Defendants.

_____/

## DEFENDANTS' REPLY IN SUPPORT OF JOINT MOTION TO STAY ACTION PENDING A RULING ON MOTIONS TO DISMISS

Defendants Joe Carollo, Javier Baños, and the Bayfront Park Management Trust, Inc. ("Defendants") file this Reply in support of their Joint Motion to Stay (D.E. 43) and in response to Plaintiffs' Opposition (D.E. 44).

Plaintiffs' opposition ignores binding precedent and attempts to force premature and burdensome discovery before the threshold issue of qualified immunity is adjudicated. The Supreme Court and the Eleventh Circuit have repeatedly held that qualified immunity is not just a defense to liability: it is immunity from suit, including the rigors and intrusions of discovery. Plaintiffs' proposal would subvert that protection.

This case should be stayed until the Court rules on the pending Motions to Dismiss.

## I. QUALIFIED IMMUNITY BARS DISCOVERY

The Supreme Court has repeatedly affirmed that qualified immunity is a shield not just from liability, but from the burden of litigation itself. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Eleventh Circuit echoes this principle:

> [Q]ualified immunity protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.

*Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

Plaintiffs argue that Carollo and Baños will remain relevant fact witnesses even if dismissed. That is precisely the concern. As *Iqbal* confirms, even "limited discovery" that compels officials to participate to "ensure the case does not develop in a misleading or slanted way" offends the very essence of immunity. *Iqbal*, 556 U.S. at 685. Allowing any discovery before resolving immunity would irreparably strip the individual defendants of their constitutional protection.

## II. THE CLAIMS AGAINST THE TRUST ARE LEGALLY INTERTWINED

Plaintiffs do not deny that all claims are brought jointly against Carollo, Baños, and the Trust. Nor do they deny that the conduct attributed to the Trust is inextricable from the alleged actions of the individual defendants. *See* Compl. ¶¶ 63–84, 94, 117.

The intertwined nature of these claims makes clear that discovery against the Trust would necessarily implicate Carollo and Baños, thus forcing them to participate and thereby nullifying their qualified immunity. *See Plowright v. Miami-Dade County*, No. 1:22-CV-20203-KMM, 2022 WL 18228313, at *3 (S.D. Fla. Oct. 13, 2022) ("an across-the-board stay is warranted... given the significantly intertwined nature of the claims") (*quoting McBride v. Houston Cnty. Health Care Auth.*, No. 1:12cv1047-MHT, 2013 WL 674671, at *3 (M.D. Ala. Feb. 25, 2013)).

Plaintiffs' suggestion that the Court bifurcate discovery (staying proceedings for Carollo and Baños while allowing the case to proceed against the Trust) is not only

impractical, it is legally unsound. The Supreme Court has expressly rejected this type of workaround, recognizing that even when discovery is formally directed only at non-immune parties, public officials asserting qualified immunity are often forced to engage in the litigation anyway.

As the Court explained in *Iqbal*:

> [I]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the immune officials] and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way.

*Iqbal*, 556 U.S. 685–86.

That kind of compelled participation defeats the very purpose of qualified immunity, which is not only a defense to liability, but also a protection from the burdens of litigation itself, including pretrial discovery. Courts have consistently declined to permit partial or piecemeal discovery in cases like this, precisely because it renders the immunity defense "effectively meaningless." *R.F.J. v. Fla. Dep't of Children & Families*, 743 F. App'x 377, 380 (11th Cir. 2018).

## III. PLAINTIFFS' OUT-OF-CIRCUIT CASES ARE INAPPOSITE AND UNPERSUASIVE

Plaintiffs rely primarily on *S.D. v. St. Johns Cnty. Sch. Dist.*, No. 3:09-cv-250, 2009 WL 4349878 (M.D. Fla. Nov. 24, 2009) but their reliance on this case is misplaced because, unlike in this case, there the governmental party's motion to dismiss had been denied. Plaintiffs also rely heavily on non-binding cases from outside the Eleventh Circuit, many of which apply balancing tests, or pre-*Iqbal* standards. That reliance is misplaced because those standards do not apply to this case.

In the Eleventh Circuit, the rule is clear and inflexible: "immunity is a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017). *See also Caraballo-Sandoval v. Honsted*, 35 F.3d 521, 524 (11th Cir. 1994) (affirming stay of discovery pending resolution of qualified immunity).

## IV. PLAINTIFFS' OWN ALLEGATIONS CONFIRM THE OVERLAPPING NATURE OF THE CLAIMS

Even under the more permissive standards occasionally applied in other circuits, courts deny a stay only when the claims against non-immune defendants are entirely separate and distinct from those asserted against the immune officials. *See, e.g.*, *Harris v. City of Balch Springs*, 33 F. Supp. 3d 730, 733 (N.D. Tex. 2014) ("Discovery may proceed on those claims that are legally distinct and for which a party may not assert the defense of qualified immunity."); *Mendia v. Garcia*, No. 10-cv-03910-MEJ, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016) ("While discovery directed to Defendants as to the Bivens claims against them is inappropriate given their pending qualified immunity appeal, ... limited discovery as to these Defendants is appropriate because regardless of whether they are entitled to qualified immunity, they will still need [to] participate in discovery as percipient witnesses related to the FTCA claims against the United States."). Plaintiffs make no such showing here. To the contrary, their Opposition confirms that all claims rest on a unified set of factual allegations. *See* Plaintiffs' Opposition (D.E. 44) at 1–2, 4–5. The alleged wrongdoing by the Trust is expressly tied to the conduct of Carollo and Baños, and the relief sought against the Trust depends on proving that Carollo and Baños acted unlawfully in their official roles.

Plaintiffs argue that the case can and should proceed against the Trust even if proceedings are stayed as to the individual defendants. But this assertion ignores both legal precedent and practical reality. As the Eleventh Circuit has made clear, allowing litigation to continue against a municipal entity under these circumstances - where the claims are factually and legally intertwined - "effectively nullifies" the protections of qualified immunity. *R.F.J. v. Fla. Dep't of Children & Families*, 743 F. App'x at 380. Proceeding against the Trust would inevitably require testimony, discovery responses, or strategic involvement from Carollo and Baños, thereby imposing the very burdens that qualified immunity is intended to prevent.

## V. DISPOSITIVE CHALLENGES TO COMPLAINT

A stay of discovery is warranted when the Complaint faces multiple serious, case-dispositive challenges. See, e.g., *Chevaldina v. Katz*, 17-22225-CIV, 2017 WL 6372620, at *3 (S.D. Fla. Aug. 28, 2017) (good cause for a stay when, in light of motion to dismiss, "Plaintiff's entire cause of action before this Court may be dismissed"); *Prohias v. Asurion Corp.*, 05-22259-CIV, 2006 WL 8433152, at *1 (S.D. Fla. Jan 10, 2006) (good cause when, after taking "preliminary peek" to determine that the motion was "truly case dispositive," the court determined that the motion could result in full dismissal).

Here, each Defendant raises multiple dispositive issues in their respective Motion to Dismiss which, if granted, would render discovery moot.  For example, in addition to Carollo and Baños' qualified immunity claims, the Trust should be protected from futile discovery in light of Plaintiffs' failure to allege a municipal custom or policy that led to an alleged constitutional violation, lack of standing, failure to exhaust administrative remedies, and failed to state a claim.  (D.E. 13).  Accordingly, a stay is necessary to prevent

the costly and burdensome discovery process while dispositive challenges remain outstanding.

## VI.  CONCLUSION

Qualified immunity is a constitutional guarantee, not just a procedural formality. It must be resolved before Defendants are subjected to discovery, especially where, as here, the claims are factually and legally intertwined. Plaintiffs' attempt to sidestep that protection is contrary to settled law, and threatens to impose exactly the burdens that immunity is designed to avoid.

WHEREFORE, Defendants respectfully request that the Court grant the Joint Motion to Stay (D.E. 43) in its entirety and abate all proceedings, including discovery and deadlines under the Scheduling Order, pending resolution of the pending motions to dismiss.

Respectfully submitted,

| | |
|---|---|
| SHUTTS & BOWEN LLP<br>200 South Biscaye Blvd.<br>Suite 4100<br>Miami, Florida 33131<br>Telephone: (305) 358-6300<br>Email: FZacherl@shutts.com<br>Email: OSepulveda@shutts.com<br>Email: MSarnoff@shutts.com<br><br>/s/ Frank A. Zacherl<br>Frank A. Zacherl, Esq.<br>Florida Bar No. 868094<br>Oliver Sepulveda, Esq.<br>Florida Bar No. 111763<br>Marc Sarnoff, Esq.<br>Florida Bar No. 607924<br><br>*Attorneys for Defendants*<br>*Joe Carollo and Javier Baños* | KHL LAW<br>Alfred I. duPont Building<br>169 E. Flagler St., Suite 500<br>Miami, Florida 33131<br>Telephone No. (305) 854-9700<br>Facsimile No. (305) 854-0508<br>Email: map@khllaw.com<br>Email: mschneider@khllaw.com<br>Email: eservicemia@khllaw.com<br><br>/s/ Mason A. Pertnoy<br>Mason Pertnoy, Esq.<br>Florida Bar No. 18334<br><br>*Attorneys for Defendant The Bayfront Park*<br>*Management Trust, Inc.* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June 2025, a true and correct copy

of the foregoing has been furnished via CM/ECF to all parties on attached service list.

*/s/Frank A. Zacherl*
FRANK A. ZACHERL

7